IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31031
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JARON JEROD AUSBON

Defendant - Appellant

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CR-102-1
- - - - - - - - - -
May 18, 2001

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Jeron Jerod Ausbon appeals his conviction of making a false statement to a firearms dealer, in violation of 18 U.S.C. § 922(a)(6). According to the indictment, Ausbon had falsely represented on a federal firearms form that he was not under indictment or information at the time he attempted to purchase a gun, when Ausbon in fact stood accused under seven separate bills of information.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ausbon contends that the evidence was insufficient to establish a jury finding that he knew that he was technically under "information" at the time he purchased the gun. Because the very form signed by Ausbon specifically defined "information" as "a formal accusation of a crime made by a prosecuting attorney," and because the evidence showed that Ausbon had made many court appearance with respect to these charges, the jury was authorized to determine that Ausbon was well aware that he was under "information" at the time. See United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993); United States v. Ortiz-Loya, 777 F.2d 973, 979 (5th Cir. 1985).

Ausbon also argues that the court erred in issuing an "improper" and "wrong" jury instruction regarding the element of knowledge, as the instruction did not comply with the Fifth Circuit Pattern Jury Instructions on this matter. The court was authorized to tailor a specific instruction to govern the unique facts of the case before the jury. See United States v. Wyly, 193 F.3d 289, 300 (5th Cir. 1999). As a whole, the instruction given at Ausbon's trial did not incorrectly state the law, and the district court did not abuse its discretion in issuing the instruction. See id.

AFFIRMED.